**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

HARRIET HAWKINS,

      Plaintiff,

v.                              CASE NO. _____

THOMAS MODLY,
ACTING SECRETARY,
U.S. DEPARTMENT OF THE NAVY,

      Defendant.
_____

# COMPLAINT

Plaintiff, HARRIET HAWKINS, (hereinafter referred to as "Hawkins" and/or the "Plaintiff") sues THOMAS MODLY, ACTING SECRETARY, U.S. DEPARTMENT OF THE NAVY, (hereinafter referred to as the "NAVY" and/or the "Defendant"), and alleges as follows:

## *INTRODUCTION*

1.  This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, which prohibits discrimination based on race, gender and hostile work environment discrimination, reprisal/retaliation and constructive discharge; the Age discrimination based on the Age Discrimination in Employment

Act (ADEA), reprisal and constructive discharge; Disability discrimination, reprisal and constructive discharge, pursuant to the American s with Disabilities Act, (ADA); the ADA Amendments Act of 2008(ADAA), and the Florida Civil Rights Act.

JURISDICTION AND VENUE

2.  Jurisdiction is based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the Age Discrimination in Employment Act of 1967, 29 USC 621, et seq., (ADEA), the Americans with Disabilities Act (ADA) the American with Disabilities Act Amendments of 2008 (ADAA) and the Florida Civil Rights Act.

3.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

4.  Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5.  Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e- 5(k) and Fed. R. Civ. P. 54.

6.  This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial

district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

7.    Plaintiff has complied with all conditions precedent to the filing of this suit.

8.    Plaintiff's Charge of Discrimination has been pending the Equal Employment Opportunity Commission in excess of 180 days.

## *PARTIES*

9.    Plaintiff is an African-American female. She resides in the northern district of Florida.  She is an individual that is entitled to the protection of Title VII, the ADEA, the ADA and the ADAA.  She is an employee as that term is defined in the above stated statutes.

10.  Defendant is an executive branch agency of the United States of America.  The Defendant is an employer as that term is defined in Title VII, ADEA and the ADA.

## *FACTS*

11.  Complainant was a Supervisory Management Analyst, GS-0343-11, Navy Recruiting Orientation Unit (NORU), Administration and Supply Department.  She was responsible for supervising the department, advising the OIC on special projects, evaluating the effectiveness of various functions, conducting

trend analysis, analyzing monthly reports, and ensuring correct dissemination of administrative and supply guidance.

12. The Director/OIC of NORU was CDR Mark Yates. He became the Officer in Charge (OIC) in January 2017. The Assistant OIC was LCDR Jared Asman. He has been attached to the NORU since July 2016. He became Plaintiff's first-level supervisor on October 15, 2017. He became the Executive Officer in 2017, in preparation of his retirement.

13. Plaintiff is an African-American female. Her date of birth is December 16, 1957. Further, Plaintiff is a disabled employee who can perform the essential functions of her position with or without a reasonable accommodation.

14. Plaintiff performed the duties of her position in a more than satisfactory manner. Plaintiff was never the subject of workplace disciplinary actions.

15. After the arrival of CDR Yates as the OIC of NORU, Plaintiff was subjected to a hostile work environment, harassment and disparate treatment based upon her race, gender, disability and reprisal in the following manner, including but not limited to:

a. On January 18, 2017, Plaintiff had a meeting with the OIC CDR Yates and AOIC LCDR Asman. The OIC asked Plaintiff if "she was looking for a job" and "have you been looking around"?

b. Plaintiff learned that on January 25, 2017, that CDR Yates sent a military member to a civilian employee's house because he felt that she should be at work. The employee was a subordinate employee of the Plaintiff. The employee was on leave approved by Plaintiff.

c. In January 2017, LCDR Asman, AOIC, told Plaintiff that he would complete a project for Plaintiff that was assigned on Friday and due on Monday. Plaintiff has previously scheduled leave on Monday, the due date. LCDR did not complete the project and Plaintiff was held responsible.

d. In January 2017, LCDR Asman told Plaintiff that the prior OIC had given him a list of employees that he could "shop from." Plaintiff understood that the list was employees that should be removed from federal service.

e. On January 26, 2017, Plaintiff received a Personnel Accountability Administrative letter from LCDR Asman.

f. On January 31, 2017, during a department head meeting, CDR Yates, OIC, questioned why Plaintiff was scheduled to attend a supply conference, and stated with disdain, "You're the supply officer too." He further questioned Plaintiff as to whether one of her subordinates was the supply officer.

g. From 2017 to present, Plaintiff has consistently requested a reasonable accommodation from her supervisor. Each time her request was

denied. The command failed to engage Plaintiff in an inter-active discussion to determine an appropriate accommodation.

h. On February 14, 2017, during a Department Head meeting, Plaintiff briefed an idea that LCDR Asman had previously approved. After the briefing, LCDR Asman told Plaintiff that CDR Yates thought that she was disrespectful to another department head, a Caucasian male. Also, CDR Yates stated that Plaintiff made a statement that failed to represent the "core values" of the organization.

i. On February 28, 2017, Plaintiff was issued a "Non-Punitive Letter of Caution", by LCDR Asman.

j. On February 28, 2017, LCDR Asman denied Plaintiff's request to telework. However, he allowed a civilian male employee telework to take care of his dogs while his wife was out of town.

k. Throughout March 2017, LCDR Asman, when visiting Plaintiff's office made her aware that she was being left out of job areas, he chastised her and made her aware that she was being excluded from a budget meeting. One of Plaintiff's subordinates was asked to stay out of Plaintiff's office whenever she met with LCDR Asman.

l. On April 11, 2017, Plaintiff missed a Department Head meeting. Plaintiff was confronted LT Driscoll, acting AOIC, demanding to know why she

was not at the meeting.  A Caucasian male and female did not attend the meeting and were not questioned by Lt. Driscoll

m. On April 12, 2017, Plaintiff was issued a Letter of Reprimand by LT Driscoll.  He did not issue a Letter of Reprimand to the Caucasian male and female who did not attend the meeting.

n. On April 12, 2017, Plaintiff was issued a Memorandum for the Record by LT Driscoll, directing Plaintiff to discontinue utilizing a recording device and threatened corrective action if she failed to do so.

o. On April 25, 2017, LCDR issued Plaintiff a letter about recorded voice conversations.

p. Throughout the months of April and May 2017, CDR Yates and LCDR Asman kept Plaintiff out of the information loop.  Plaintiff's staff complained that they are being tasked by others.  The unit operates as a civilian side and a military side.

q. On or about the months of April and May 2017, responsibilities in Plaintiff's department began to be disruptive. Other department head were taking on administrative duties that belonged to Plaintiff.  These actions caused disruption, delays, resentment, disrespect and a lack cohesion.

r. On November 2, 2017, Plaintiff received a Notice of Proposed 5-day Suspension, for allegedly engaging in disrespectful conduct and the Use of Profanity

Towards a co-worker.

s. Plaintiff served her suspension from November 27, 2017, to December 1, 2017.

t. On April 3, 2018, Plaintiff sought medical treatment for a medical injury that occurred on the job. CDR Yates told Plaintiff that she had to provide medical documentation before seeking medical treatment.

u. On May 3, 2018, Plaintiff was notified that she was being suspended for a period of ten days. She served her suspension from May 6, 2018, to May 15, 2018.

v. The command does not treat Caucasians co-workers in the same manner as they treat Plaintiff. She is treated less favorably that those outside of her protected class. Male employee and younger employees are treated more favorably than Plaintiff.

w. Plaintiff has been consistently harassed, intimidated, threatened since January 2017. Her disciplinary actions have been unwarranted and specifically designed to force Plaintiff to retire from her position.

x. At the end of May 2018, Plaintiff was constructively terminated from her job.

<u>COUNT I</u>
*(Violation of Title VII- Race Discrimination)*

16. Plaintiff incorporates paragraphs 1-15 (a)-(x) of the Complaint, as if fully set forth herein.

17. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

18. Plaintiff has suffered damages and will continue to suffer damages in the future as a result Defendant's unlawful age discrimination.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment*:*

a) Declaring the acts and practices complained of herein are violations of Title VII.

b) Enjoining and permanently restraining those violations of the Title VII.

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

d) Awarding Plaintiff Front Pay;

e) Awarding Plaintiff compensatory damages;

f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

g) Granting such other and further relief as the Court deems just and

## COUNT II
*Violation of Title VII- Gender Discrimination)*

19. Plaintiff incorporates paragraphs 1-15 (a)-(x) of the Complaint, as if fully set forth herein.

20. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act'

21. Plaintiff has suffered damages and will continue to suffer damages in the future as a result Defendant's unlawful age discrimination.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment*:*

   a)   Declaring the acts and practices complained of herein are violations of Title VII and the Florida Civil Rights Act.

   b)   Enjoining and permanently restraining those violations of the Title VII.

   c)  Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

   d)   Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

   d)  Awarding Plaintiff Front Pay;

   e)   Awarding Plaintiff compensatory damages;

   f)  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

   g)  Granting such other and further relief as the Court deems just and

### COUNT III
*(Violation of the Age Discrimination in Employment Act)*

22. Plaintiff incorporates paragraphs 1-15 (a)-(x) of the Complaint, as if fully set forth herein.

23. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of Age Discrimination in Employment Act.

24. Plaintiff has suffered damages and will continue to suffer damages in the future as a result Defendant's unlawful age discrimination.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violations of the ADEA and the Florida Civil Rights Act.

b) Enjoining and permanently restraining those violations the ADEA.

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

d)  Awarding Plaintiff Front Pay;

e)  Awarding Plaintiff liquidated damages;

f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

g)  Granting such other and further relief as the Court deems just and

## COUNT IV
### (Hostile Work Environment Discrimination)

25.  Plaintiff incorporates paragraphs 1-15 (a)-(x) of the Complaint, as if fully set forth herein.

26.  Defendant discriminated against Plaintiff in the terms and conditions of her employment base upon the hostile work environment created by the Defendant.

27.  Plaintiff has suffered damages and will continue to suffer damages in the future as a result of the unlawful hostile work environment caused and created by the Defendant.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)  Declaring the acts and practices complained of herein are violations of the ADEA.

b)  Enjoining and permanently restraining those violations of the Title VII.

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

d) Awarding Plaintiff Front Pay;

e) Awarding Plaintiff liquidated damages;

f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

g) Granting such other and further relief as the Court deems just and

*COUNT V*
*(ADA Disability Discrimination)*

28. Plaintiff incorporates paragraphs 1-15 (a)-(x) of the Complaint, as if fully set forth herein.

29. Plaintiff is a qualified individual with a disability that can perform the essential duties of her position with or without a reasonable accommodation.

30.    The Defendant is and has been aware of Plaintiff's disability. Defendants have failed and refused to engage Plaintiff in an interactive process to determine a reasonable accommodation.

31.    Plaintiff has requested a reasonable accommodation from the Defendant on numerous occasions.    On each occasion, Defendant has refused an accommodation.

32.    Defendant discriminated against Plaintiff in the terms and conditions of her employment base upon the hostile work environment created by the Defendant.

33.    Plaintiff has suffered damages and will continue to suffer damages in the future as a result of the unlawful hostile work environment caused and created by the Defendant.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violations of the ADA.

b)    Enjoining and permanently restraining those violations of the ADA.

c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

d) Awarding Plaintiff Front Pay;

e) Awarding Plaintiff compensatory damages;

f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

g) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ R. John Westberry*
R. John Westberry, Esq.
Florida Bar No.: 244661
Email: rjw@westconlaw.com
WESTBERRY & CONNORS, LLC.
4400 Bayou Blvd, Suite 32 A
Pensacola, FL 32504
Telephone: 850-473-0401

Facsimile: 850-473-1388

Attorney for the Plaintiff
Harriet Hawkins